UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Curlin Pennick III,

            Plaintiff,

v.

Colleen Chesterman et al.,

           Defendants.

CASE NO. 3:18-cv-05331-RJB-DWC

REPORT AND RECOMMENDATION

Noting Date: July 5, 2019

The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently pending before the Court is Defendants' Motion for Summary Judgment (the "Motion"). Dkt. 19.

After reviewing the relevant record, the Court finds Plaintiff Curlin Pennick III failed to exhaust his administrative remedies regarding his First and Eighth Amendment claims. The Court concludes Plaintiff failed to state a claim for which relief can be granted as to Plaintiff's Fourteenth Amendment claims and the allegations Defendants conspired against him. Therefore, the Court recommends Defendants' Motion (Dkt. 19) be granted, but recommends Defendants' request the Court find Plaintiff's action frivolous and malicious be denied.

## I. Background

Plaintiff, an inmate housed at the Stafford Creek Corrections Center ("SCCC") at the time he filed this lawsuit,[1] alleges Defendants violated his constitutional rights under the First, Eighth and Fourteenth Amendments when Plaintiff was deprived of clothing and denied due process and Defendants retaliated against him. Dkt. 7-1.[2]

In the Complaint, Plaintiff named Corrections Officer Colleen Chesterman, Corrections Officer Daniel Hahn, Sergeant Todd Coleman, Corrections Officer Sergeant Chip Thornhill, Hearings Officer Thomas L'Heureux, Associate Superintendent Jeneva Cotton, and Hearings Officer Kevin Shanahan as defendants. Dkts. 7, 7-1. Defendants filed the Motion on January 18, 2019. Dkt. 19. After the Court granted Plaintiff three extensions, Plaintiff filed a Response to the Motion on May 18, 2019. Dkts. 27, 29, 30, 32, 35, 37, 38. Defendants filed a Reply on May 22, 2019. Dkt. 39.

In the Response, Plaintiff dismisses the claims against Defendants Cotton and L'Heureux. Dkt. 38 at 7. Therefore, the Court grants Defendants' Motion as to Plaintiff's claims against Defendants Cotton and L'Heureux.

## II. Standard of Review

Summary judgment is proper only if the pleadings, discovery, and disclosure materials on file, and any affidavits, show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

---

[1] On April 2, 2019, Plaintiff was moved from SCCC to Monroe Correctional Complex – Twin Rivers. Dkt. 34.

[2] Plaintiff filed two substantially similar documents entitled "verified complaint." *See* Dkt. 7 at 4-18; Dkt. 7-1. Because Plaintiff did not sign the complaint submitted as docket 7 (pages 4-18), the Court will refer to and consider the signed complaint at docket 7-1 as the operative complaint in this matter.

showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"); *see also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

### III. Discussion

Defendants argue Plaintiff failed to exhaust administrative remedies available to him as to his First and Eighth Amendment claims. Dkt. 19. Defendants assert Plaintiff has failed to state a claim as to his Fourteenth Amendment and conspiracy claims.[3] *Id.*

    A.  <u>Exhaustion of Administrative Remedies – First and Eighth Amendment Claims</u>

Plaintiff alleges Defendants violated his First and Eighth Amendment rights when they retaliated against him for his involvement in another lawsuit against Defendant Coleman and refused to fill his clothing request. Dkt. 7-1.[4] Defendants argue Plaintiff failed to exhaust

---

[3] In the Reply, Defendants raise the affirmative defense of exhaustion with respect to Plaintiff's due process claims. *See* Dkt. 39 at 3, 5. As a general rule, a "movant may not raise new facts or arguments in his reply brief." *Quinstreet, Inc. v. Ferguson,* 2008 WL 5102378, at *4 (W.D. Wash. 2008) (citing *United States v. Puerta,* 982 F.2d 1297, 1300 n. 1 (9th Cir. 1992)); *Wyatt v. Terhune,* 315 F.3d 1108, 1119 (9th Cir. 2003) (Defendants "have the burden of raising and proving the absence of exhaustion"). Therefore, the Court declines to address whether Plaintiff exhausted his due process claims and instead, will consider these claims on the merits.

[4] Because the Court concludes Plaintiff has failed to exhaust his remedies with respect to his First and Eighth Amendment claims, it is not necessary to include a detailed factual summary related to these claims.

administrative remedies available to him regarding his First and Eighth Amendment claims. Dkt. 19. In Response to Defendants' Motion, Plaintiff offers no explanation for his failure to exhaust his First and Eighth Amendment claims. *See* Dkt. 38.

Before a prisoner may bring a civil rights action under 42 U.S.C. § 1983, he must first exhaust all available administrative remedies. Under the Prison Litigation Reform Act of 1995 ("PLRA"),

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion in cases covered by § 1997e(a) is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). The mere fact a plaintiff has filed an initial grievance under a prison's grievance policy does not satisfy the PLRA exhaustion requirement; a plaintiff must exhaust *all* levels of an available grievance procedure before he can initiate litigation. *See id.* at 736-41; *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is still a prerequisite to suit. *Booth*, 532 U.S. at 741. If a claim is not exhausted, it must be dismissed. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

Failure to exhaust administrative remedies is properly brought as a summary judgment motion. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014). Once the defendant proves there was an available administrative remedy and the offender failed to exhaust the available remedy, the burden shifts to the plaintiff. The plaintiff must show there was something about his particular claim which made the "existing and generally available administrative remedies effectively unavailable to him." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.5 (9th Cir. 1996)).

Defendants' evidence shows prisoners in the custody of the Washington State Department of Corrections ("DOC") may file administrative grievances pertaining to several routine matters, including conditions of confinement, staff conduct, or retaliatory conduct. Dkt. 24, Declaration of Rebecca Citrak, ¶ 4. Under DOC policy, the grievance procedure consists of four levels of review. *Id.* at ¶ 7. Both routine and emergency grievances are initially filed at Level 0. *Id.* At Level 0, the facility's "grievance coordinator pursues informal resolution, returns the complaint to the offender for rewriting, returns the complaint to the offender requesting additional information, or accepts the complaint and processes it as a formal grievance." *Id.* After satisfactory review of the informal grievance at Level 0, the grievance coordinator accepts routine and emergency grievances as formal grievances at Level I and complaints alleging staff misconduct at Level II. *Id.*

If the grievance proceeds beyond Level 0, the local grievance coordinator issues a formal response at Level I. *See id.* at ¶ 7, 8. A prisoner may appeal the denial of either a routine or emergency grievance to the superintendent of the facility at Level II. *Id.* at ¶ 8. At Level III, "[i]nmates may appeal all Level II responses to Department Headquarters in Tumwater, where they are re-investigated. Administrators are the respondents." *Id.* at ¶ 7. Level III is the final level of review. *Id.* at ¶ 7, 8.

Here, the evidence shows Plaintiff filed ten grievances between February 1, 2018 and January 2019.[5] *Id.* ¶ 9. On February 20, 2018, Plaintiff's Eighth Amendment claim arises from Grievance 18650439 in which he complains Defendant Chesterman refused to honor a clothing request.[6] Dkt. 24, Exhibit A at 11. *See also* Dkt. 24 at ¶ 10. Plaintiff appealed this grievance to Level III, where the DOC determined on May 4, 2018, "[t]here is no information available to

---

[5] Plaintiff has submitted a total of 142 grievances from 2003 to January 2019. Dkt. 24 at ¶ 9.
[6] Grievance 18650439 did not allege retaliation by Chesterman or any other DOC employee. *Id.*

substantiate [Plaintiff's] complaint that [he was] deprived clothing on purpose." Dkt. 24-1, Exhibit A at 2. Between February 1, 2018 and May 1, 2018, Plaintiff did not file a grievance alleging retaliation by any DOC employee. Dkt. 24 at ¶ 11. Plaintiff initiated this lawsuit on lawsuit on April 24, 2018, before the appeal process on Grievance 18650439 was completed on May 4, 2018. Dkt. 1; Dkt. 24-1, Exhibit A at 2.

Based on the evidence detailed above, the Court finds Defendants have met the initial burden of showing the absence of exhaustion in this case with respect to Plaintiff's First Amendment and Eighth Amendment claims. The undisputed evidence presented by Defendants shows there was a grievance procedure in place at the time of the incidents complained of in the Complaint. Plaintiff was aware of the grievance process and participated in the grievance process, filing ten grievances between February 2018 and January 2019. Plaintiff, however, did not complete the grievance process for the Eighth Amendment claim alleged in his Complaint *prior to* filing his lawsuit on April 24, 2018. Dkt. 1. *See Booth* 532 U.S at 736-41. Plaintiff failed to file any grievances related to his First Amendment claim of retaliation.

The burden now shifts to Plaintiff, "who must show that there is something particular in his case that made the existing and generally available remedies effectively unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" *Williams*, 775 F.3d at 1191 (quoting *Albino*, 747 F.3d at 1172). Plaintiff alleges he filed grievances concerning the facts related to this Complaint, and the grievance process was completed.[7] Dkt. 7 at 2. Plaintiff did not attach the final grievance resolution to his Complaint. *See*

---

[7] Because Plaintiff is *pro se*, the Court "must consider as evidence in his opposition to summary judgment all of [Plaintiff's] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [Plaintiff] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

Dkts. 7, 7-1. In his sworn Response to the Motion, Plaintiff does not assert he exhausted any of his claims or any facts showing the available remedies were "'ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" *Williams*, 775 F.3d at 1191 (quoting *Albino*, 747 F.3d at 1172); Dkt. 38. Plaintiff does not submit any evidence disputing he failed to exhaust his claims *before* filing this suit in federal court. Dkts. 7; 7-1, 38. Therefore, the unrefuted evidence shows Plaintiff never completed Level III *before* filing this lawsuit in federal court when grieving his Eighth Amendment claim that Defendant Chesterman deprived him of clothing and he did not file any grievances related to his First Amendment claim of retaliation. *See* Dkt. 24 at ¶¶ 4, 7, 8, 10-11; Dkt. 24-1, Exhibit A.

As Plaintiff did not fully follow the proper grievance procedures available at SCCC, he has not overcome Defendants' showing he failed to exhaust administrative remedies available to him. Therefore, the Court concludes Plaintiff failed to properly exhaust the First and Eighth Amendment claims alleged in the Complaint and these claims should be dismissed without prejudice.[8] *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) *overruled on other grounds by Albino,* 747 F.3d at 1162 ("If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice."); *Carrea v. California*, 551 F. App'x 368, 369 (9th Cir. 2014) (remanding for the entry of dismissal without prejudice because the proper remedy for non-exhaustion is dismissal without prejudice).

### B. Fourteenth Amendment Claims

Plaintiff alleges Defendants Thornhill and Shanahan violated his due process rights under the Fourteenth Amendment. Dkt. 7-1 at 13-14. Plaintiff alleges Defendant Thornhill failed to

---

[8] Defendants also argue Plaintiff's First and Eighth Amendment Claims fail on the merits. Dkt. 19. Because the Court has already determined Plaintiff failed to exhaust his administrative remedies with respect to these claims, the Court declines to determine whether Plaintiff's First and Eighth Amendment Claims fail on the merits.

provide Plaintiff with a hearing prior to confiscating Plaintiff's property. *Id.* Plaintiff alleges Defendant Shanahan failed to provide Plaintiff with a disciplinary hearing related to an infraction for violating cell confinement. *Id.*

Pursuant to the Due Process Clause of the Fourteenth Amendment, "no state shall 'deprive any person of life, liberty, or property without due process of law.'" *Toussaint v. McCarthy*, 801 F.2d 1080, 1089 (9th Cir. 1986), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). Hence, the due process guarantees of the Fourteenth Amendment "apply only when a constitutionally protected liberty or property interest is at stake." *Tellis v. Godinez*, 5 F.3d 1314, 1316 (9th Cir. 1993) (citations omitted).

   1.  *Defendant Thornhill – Deprivation of Property*

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974) (citations omitted), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). Nevertheless, the due process rights of prisoners "are not absolute; they are subject to reasonable limitation or retraction in light of the legitimate security concerns of the institution." *Bell v. Wolfish,* 441 U.S. 520, 554 (1979).

However, only an authorized, intentional deprivation of property is actionable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). An authorized deprivation occurs pursuant to "state law, regulation, or institutionalized practice," and the normal pre-deprivation hearing is required to satisfy due process. *Haygood v. Younger,* 769 F.2d 1350, 1357 (9th Cir. 1985) (en banc), *cert. denied,* 478 U.S. 1020 (1986) (citing *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 436 (1982)). An unauthorized intentional deprivation of property by a state

employee does not constitute a Fourteenth Amendment violation if a meaningful post-deprivation remedy for the loss is available under state law. *Hudson,* 468 U.S. at 534.

In the Complaint, Plaintiff alleges documents pertaining to pending civil rights litigation, legal research aids, and copies of briefs and transcripts for other inmates were confiscated from his cell. Dkt. 7-1 at 3. Plaintiff alleges Defendant Thornhill failed to provide Plaintiff with a pre-deprivation hearing upon confiscation of Plaintiff's property. Dkt. 7-1 at 3-4, 13.

With respect to Plaintiff's allegation he was deprived of a hearing related to the confiscation of other inmates' legal documents, the undisputed evidence shows Plaintiff possessed legal paperwork, which did not belong to him. Dkt. 7-1 at 3; Dkt. 21, Thornhill Declaration, at ¶¶ 5-7, Attachment 1 (Initial Infraction Report), Exhibit 2 (Incident Report), Exhibit 3 (Search Report). In the Complaint, Plaintiff concludes Defendants violated his due process rights without showing he has a protected property interest in possessing other inmate's legal documents. *See* Dkt. 7-1.

According to DOC Policy 590. 550, an offender assisting another offender in legal matters may only possess the other offender's legal documents while in the law library or other areas designated by the prison superintendent. Dkt. 21 at ¶ 4. Personal legal documents and papers must be retained by the parties involved in the legal matter. *Id.* Thus, because Defendant Thornhill infracted Plaintiff with possessing legal materials of another inmate, these materials constituted contraband, which as defined by prison rules, is subject to confiscation. *See id.* At the disciplinary hearing, Plaintiff acknowledged the documents were the legal documents of other inmates. Dkt. 21-1, Exhibit 4 (After being informed of his rights at the hearing, Plaintiff stated his "cellie [another inmate]" had asked Plaintiff to look over his legal work to see if Plaintiff could find any errors.).

Plaintiff does not submit any evidence asserting he has a protected property interest in possessing other inmates' legal documents in his cell. Dkts. 7; 7-1, 38. Accordingly, Plaintiff fails to establish a due process claim for authorized intentional deprivation of property against Defendant Thornhill. *Kentucky Department of Corrections v. Thompson*, 490 U.S. 454, 459-60 (1989) (To state a cause of action for deprivation of procedural due process, plaintiff must first establish existence of a property interest and then show the procedures attendant upon the deprivation were not constitutionally sufficient.); *Hentz v. Ceniga*, 402 F. App'x 214, 215–16 (9th Cir. 2010) (state prisoner was not entitled to a hearing before seizure of contraband items); *Arteaga v. Alameida*, 2008 WL 364785, *10 (E.D. Cal. Feb. 8, 2008) (citing *Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006) ("An inmate does not have a property interest in possessing contraband."); *also Kunze v. Bertsch,* 477 F. Supp. 2d 1038, 1053 (D. N.D. 2007) (inmate has no protectable property interest in contraband or right to keep contraband in his cell); *Giba v. Cook,* 232 F. Supp. 2d 1171, 1184 (D. Or. 2002) (the legal materials of another inmate constituted contraband which was properly confiscated).

Defendants have also presented evidence for safety and security reasons, DOC Policy 590.550 maintains strict policies prohibiting offenders from possessing information about other offenders. Dkt. 21 at ¶ 4. Plaintiff has not alleged, and nothing before the Court suggests DOC Policy 590.550 underlying the confiscation of other inmates' legal documents was other than reasonably related to legitimate penological concerns. *See Bell,* 441 U.S. at 554.

Because Plaintiff has failed to demonstrate a property interest in other inmates' legal documents, the Court declines to consider what process was due.

The remainder of Plaintiff's allegations are not entirely clear, but Plaintiff appears to allege Defendant Thornhill also confiscated Plaintiff's own legal documents, beyond what is

defined pursuant to state procedure in DOC Policy 590.550, in an unauthorized manner. Dkts. 7-1 at 3, 38 at 4.  However, an unauthorized intentional deprivation of property by a state employee does not constitute a Fourteenth Amendment violation if a meaningful post-deprivation remedy for the loss is available under state law. *See Hudson*, 468 U.S. at 534; *Haygood,* 769 F.2d at 1357 (internal citation omitted) (unauthorized deprivations do not occur pursuant to a "state law, regulation, or institutionalized practice[]"). The State of Washington provides a meaningful post-deprivation remedy for the intentional or negligent loss of property by state agents and employees by allowing for a suit in Superior Court once a person has completed the state's tort claim process. *See Magana v. Morgan*, 2016 WL 6111131, at *3 (W.D. Wash. Sept. 14, 2016) (citing *Jeffries v. Reed*, 631 F. Supp. 1212, 1216 (E.D. Wash. Mar. 27, 1986); RCW 4.92.090-.100; RCW 72.02.045(3)). As such, Plaintiff's allegations do not rise to the level of a due process violation actionable under § 1983.

Accordingly, Defendants are entitled to summary judgment with respect to Plaintiff's Fourteenth Amendment due process claim against Defendant Thornhill.

2.  *Defendant Shanahan*

Plaintiff's allegations against Defendant Shanahan involve a disciplinary infraction Plaintiff received for violating cell confinement. Dkt. 25, Exhibit 2; Dkt. 7-1 at 11. Plaintiff alleges Defendant Shanahan found Plaintiff guilty of a major disciplinary infraction, without evidence, and sanctioned Plaintiff without giving Plaintiff notice his conduct was prohibited. Dkt. 7-1 at 14. Plaintiff alleges Defendant Shanahan held a disciplinary hearing, despite Plaintiff's refusal to attend the hearing because Plaintiff stated he was not afforded with an impartial hearing officer. Dkt. 7-1 at 11, 14. Plaintiff alleges Defendant Shanahan found Plaintiff guilty based on erroneous evidence. Dkt. 7-1 at 11.

1   Defendants' evidence reflects Plaintiff was infracted on April 4, 2018 for leaving call out
2   early ("out of bounds") and lying to staff. Dkt. 25-1, Exhibit 3. At the hearing, Plaintiff stated he
3   did not want Defendant Shanahan to conduct the hearing and Plaintiff walked out. *Id.* Defendant
4   Shanahan continued the hearing in Plaintiff's absence, and Plaintiff was sanctioned to ten days of
5   cell confinement. Dkt. 25-1, Declaration of L'Heureux, Exhibit 2.

6   A state-created liberty interest under the Due Process Clause arises only if the plaintiff can
7   show a "dramatic departure from the basic conditions" of his confinement, which impose an
8   atypical and significant hardship on him in relation to the ordinary incidents of prison life. *5.*
9   *Sandin,* 515 U.S. at 483-85; *see also Keenan v. Hall,* 83 F.3d 1083, 1088–89 (9th Cir. 1996),
10  *amended by* 135 F.3d 1318 (9th Cir. 1998). Here, Plaintiff has failed to allege any facts from
11  which the Court could find there were atypical and significant hardships imposed upon him as a
12  result of Defendant Shanahan's actions. Cell confinement alone does not invoke constitutional
13  protections. *Sandin,* 515 U.S. at 483-84 (placement in segregation for 30 days did not give rise to
14  liberty interest); *Hunt v. McKay,* 2007 WL 642938, *5 (E.D. Cal. 2007) (finding cell confinement
15  and deprivation of commissary, recreation and visitation privileges for 12 days was not atypical in
16  relation to the ordinary incidents of prison life); *George v. Lamey,* 2007 WL 118912, *2 (D. Mont.
17  2007) (finding 15 days of cell confinement constitutionally insignificant under *Sandin*).

18  Even if Plaintiff had alleged a liberty interest, Plaintiff alleges he *chose* not to attend the
19  hearing and he does not allege facts demonstrating he did not receive notice of the hearing, or
20  that a hearing was not held. *See* Dkt. 7-1 at 10-11. Defendants have provided documented
21  evidence Plaintiff received notice of his hearing, was able to provide witnesses and evidence, a
22  hearing was held, and the hearing officer, Defendant Shanahan, weighed the credibility of the
23  evidence and determined Plaintiff's guilt. Dkt. 25-1, Exhibits 1-3. Plaintiff has failed to present a
24

triable issue of fact as to whether he was deprived of a protected interest due to the disciplinary hearing held by Defendant Shanahan. Therefore, plaintiff fails to establish a due process claim against Defendant Shanahan.

To the extent plaintiff may be claiming he was falsely or improperly charged with a disciplinary infraction, *see* Dkt. 7-1 at 11, he also fails to state a claim.[9] Prison inmates have no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in deprivation of protected liberty interest, *see Freeman v. Rideout,* 808 F.2d 949, 951 (2d Cir. 1986), *cert. denied,* 485 U.S. 982 (1988); as long as plaintiff is afforded procedural due process in a disciplinary hearing, allegations of wrongful or fabricated charges fail to state a claim under § 1983, *see Hanrahan v. Lane,* 747 F.2d 1137, 1140–41 (7th Cir. 1984).

Viewing the summary judgment evidence in the light most favorable to Plaintiff, the Court concludes Plaintiff has failed to raise a material issue of fact relating to his claims he was denied due process. Accordingly, the Court recommends Defendant's Motion be granted as to Plaintiff's Fourteenth Amendment claims against Defendant Shanahan.

### C. Conspiracy Claims

Plaintiff alleges Defendants conspired against Plaintiff to deprive him of his rights under the First, Eighth, and Fourteenth Amendments. Dkt. 7, Dkt. 7-1 at 1. Aside from the conclusory allegation he was conspired against, Plaintiff alleges no facts in support of his claim. *See* Dkt. 7, 7-1. Defendant argues Plaintiff fails to state a cognizable conspiracy claim under 42 U.S.C. §§ 1985 and 1986. Dkt. 19.

---

[9] Plaintiff also alleges Defendant Hahn made a false witness statement and Defendant Chesterman filed a false behavior report, which the Court interprets as related to Plaintiff's First Amendment retaliation claim, *see* Section III.A; *See also* Dkt. 7-1 at 7-9. However, he does not allege Defendants Hahn and Chesterman violated his due process rights. *See* Dkt. 7-1 at 13-14. Nevertheless, even if Plaintiff had alleged a due process cause of action against Defendants Hahn and Chesterman, as discussed hereafter, Plaintiff has failed to state a claim.

In relevant part, § 1985(3) prohibits "two or more persons" from "depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). A claim under § 1985(3) requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002). Moreover, the mere allegation of conspiracy without supporting facts is insufficient to state a claim under § 1985. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 625 (9th Cir. 1988). A claim under § 1986 can only succeed if a plaintiff has shown a valid § 1985 claim. *Id*. at 626.

First, Plaintiff makes only conclusory allegations Defendants conspired against him. Dkt. 7-1. Plaintiff does not allege any facts to support the allegation Defendants conspired together. *See id.* He also fails to allege any racial or otherwise class-based bias behind the alleged conspiracy. *See id; See also Karim-Panahi*, 839 F.2d at 625.

Moreover, Plaintiff cannot state a conspiracy claim under § 1985 in the absence of a claim for deprivation of rights under § 1983. *See Caldeira v. Cnty. of Kauai,* 866 F.2d 1175, 1182 (9th Cir. 1989) (holding "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations"), *cert. denied,* 493 U.S. 817 (1989). As discussed above, Plaintiff has failed to exhaust his First and Eight Amendment claims and fails to state a cognizable claim under § 1983 with respect to his Fourteenth Amendment due process claim.

Therefore, Plaintiff's allegations are insufficient to state a claim under § 1985. Because plaintiff does not state a claim under § 1985, he also fails to state a claim under § 1986. *Karim–*

*Panahi*, 839 F.2d at 626 ("A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985.").

Accordingly, the Court recommends Defendants' Motion be granted with respect to Plaintiff's §§ 1985 and 1986 claims.

### D. Qualified Immunity

Because the Court has already determined Defendants are entitled to summary judgment as to all Plaintiff's underlying claims, the Court declines to determine whether Defendants enjoy qualified immunity.

### E. Malicious or Frivolous

Defendants move for the Court to find this action malicious and/or frivolous. Dkt. 19 at 16-17. Defendants argue since Plaintiff's claims have no basis in law or fact and many of his allegations are knowingly false, this lawsuit is "malicious" and/or "frivolous" within the meaning of the PLRA. *Id.*

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.00. *See* 28 U.S.C. § 1915(a). An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

REPORT AND RECOMMENDATION - 15

1  Pursuant to § 1915, "notwithstanding any filing fee, or any portion thereof, that may have
2  been paid, the court shall dismiss the case at any time if the court determines that ... the action is
3  frivolous or malicious ... or fails to state a claim upon which relief could be granted…." 28
4  U.S.C. § 1915(e)(2). A case is frivolous if it has no basis in law or fact. *See Andrews v. King*,
5  398 F.3d 1113, 1121 (9th Cir. 2005). Malicious has been defined to include an action that is
6  "plainly abusive of the judicial process or merely repeats pending or previously litigated claims."
7  *Abdul-Akbar v. Dep't of Corr.*, 910 F. Supp. 986, 999 (D. Del. 1995). Courts have read related
8  situations into when a claim is baseless, without merit, or an abuse of the judicial process. *See*
9  *Smith v. Duke*, 296 F. Supp. 2d 965, 966 (E.D. Ark. 2003). The phrase "fails to state a claim on
10 which relief may be granted," as used elsewhere in § 1915, "parallels the language of Federal
11 Rule of Civil Procedure 12(b)(6)." *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.
12 1998) (interpreting § 1915(e)(2)(B)(ii) and employing the same de novo standard of review
13 applied to Rule 12(b)(6) motions).

14 Where an order explicitly states summary judgment is proper because the case is
15 frivolous, malicious, or fails to state a claim (one of the grounds enumerated by the PLRA), the
16 dismissal counts as a strike. *El-Shaddai v. Zamora United States Court of Appeals*, 833 F.3d
17 1036 (9th Cir. 2016). Dismissal for failure to exhaust does not constitute a strike under § 1915(g)
18 unless the failure to exhaust was clear on the face of the complaint. *Richey v. Dahne,* 807 F.3d
19 1202, 1207–08 (9th Cir. 2015); *El–Shaddai,* 833 F.3d at 1043–44.

20 In this case, the Court recommends granting Defendants Motion on the grounds Plaintiff
21 failed to exhaust his administrative remedies for his First and Eighth Amendment claims and his
22 Fourteenth Amendment and conspiracy allegations fail to state a claim. The Court has considered
23 documents outside the Complaint when making the recommendation for dismissal based on
24

exhaustion, meaning the failure to exhaust was not clear on the face of the Complaint. Therefore, this case does not count as a strike because the whole action was not dismissed for a qualifying reason. *Washington v. Los Angeles County Sherriff's Department,* 833 F.3d 1048, 1057 (9th Cir. 2016); *Richey,* 807 F.3d at 1207–08; *El–Shaddai,* 833 F.3d at 1043–44.

Moreover, the Court declines to make a finding the Complaint was frivolous or malicious. Defendants have presented no evidence indicating Plaintiff has an extensive history of abusive litigation tactics, nor is there evidence of such in this matter. While this is not the first case Plaintiff has filed with the Court, the Court does not find Plaintiff was acting with the intent to harass Defendants or the claims in his Complaint are so without merit as to warrant a finding his claims were frivolous or malicious.[10] *See Young v. Spizman*, 2008 WL 678674, *2 (W.D. Wash. March 7, 2008) (courts have found a case is malicious if it is "plainly abusive of the judicial process or merely repeats pending or previously litigated claims"). Therefore, the Court recommends Defendants' request to find Plaintiff's action frivolous and malicious be denied.

**F. Conclusion**

For the above stated reasons, the Court recommends Defendants' Motion for Summary Judgment (Dkt. 19) be granted. However, the Court declines to find Plaintiff's Complaint frivolous or malicious.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure

---

[10] The Court takes judicial notice that Plaintiff has filed at least 11 prior cases in the Western District of Washington. *See Pennick v. Redford, et al.,* Case No. 02-cv-02276-TSZ; *Pennick v. Mason, et al.,* Case No. 05-cv-01198-RSM; *Pennick v. Thompson,* 11-cv-05175-RBL; *Pennick v. Zamora, et al.,* 11-5890-RJB; *Pennick v. Williamson,* 11-cv-05971; *Pennick v. Lystad, et al.,* 17-cv-5152-RJB; *Pennick v. Coleman, et al.,* Case No. 17-cv-06001-RBL; *Pennick v. Helberg,* Case No. 18-cv-5063-RBL; *Pennick v. DeHaven,* 18-cv-5434-BHS-DWC; *Pennick v. McLendon,* Case No. 18-5857-BHS-JRC.

1 to file objections will result in a waiver of those objections for purposes of *de novo* review by the
2 district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R.
3 Civ. P. 72(b), the clerk is directed to set the matter for consideration on July 5, 2019 as noted in the
4 caption.

5     Dated this 10th day of June, 2019.

_____
David W. Christel
United States Magistrate Judge